UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WASIM AZIZ, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:09-CV-275- AGF |
| LARRY CRAWFORD, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to proceed in forma pauperis [Doc. #2].

Plaintiff, an inmate at the Western Missouri Correctional Center, has filed at least three previous cases that were dismissed as frivolous, malicious, or for failure to state a claim.[1] Under 28 U.S.C. § 1915(g), therefore, the Court may not grant the motion unless plaintiff "is under imminent danger of serious physical injury."

In the instant complaint, plaintiff asserts numerous claims arising out of defendants' failure to give him razors, shampoo, and paper. He claims that case workers refuse to process his grievances and that he erroneously received several conduct violations and was put in "the hole." These claims do not indicate that plaintiff is under imminent danger of serious physical injury.

In addition, plaintiff alleges that typically, he is "only given a 0.60 tube of toothpaste . . . to last 30 days." Plaintiff claims that this is not enough toothpaste for him, and that although he is allowed to purchase toothpaste at the canteen, he has no funds to do so because he spends his

---

[1] See Aziz v. Schriro, Case No. 2:00-CV-0073 DDN (E.D. Mo.); Aziz v. Lowenbaum, Case No. 4:94-CV-1414 MLM (E.D. Mo.); Aziz v. Turcotte, Case No. 4:94-CV-101 CDP (E.D. Mo.); Aziz v. St. Louis, Case No. 4:94-CV-0035 DJS (E.D. Mo.); and Aziz v. St. Louis, Case No. 4:93-CV-1040 DJS (E.D. Mo.).

money on stamps to send his mail to the Courts. Plaintiff alleges that because of the lack of toothpaste he "lost most of two of [his] teeth" after "a couple of [his] teeth had a piece break off while eating." Plaintiff claims that "the dentist Bennett refuse[d] to do anything and wouldn't clean [his] teeth," telling plaintiff to wait until "the next year or [until he] got out of prison." After writing a letter to Governor Blunt, however, "Bennett the dentist cap[ped] [plaintiff's] two teeth the next week but has refused to put a filling in one of [his] teeth." Plaintiff states, "I'm still waiting to get a filling after 8 months and to get my teeth cleaned."[2] Plaintiff is asking the Court to help him get more toothpaste and dental care so his teeth do not become "brittle and . . . break off." He has named nineteen Missouri Department of Corrections employees as party-defendants.

Plaintiff's claims that he has not had his teeth cleaned in eight months and that he wants a greater supply of toothpaste, as well as a filling in one of his teeth, fail to establish that he is under imminent danger of serious physical injury for purposes of §1915(g).[3] As a result, the Court will deny plaintiff's motion to proceed in forma pauperis and will dismiss this action without prejudice to plaintiff's initiating a new cause of action accompanied by payment of the $350 filing fee.

---

[2] There is no indication as to why plaintiff believes he needs a filling in one of his teeth.

[3] Moreover, at best, plaintiff is complaining that defendants are negligent in meeting his dental care needs. As such, the allegations do not rise to the level of a constitutional violation and fail to state a claim under § 1983. See Estelle v. Gamble, 429 U.S. 97, 106 (1976) (mere negligence is not cognizable as Eighth Amendment violation); Morton v. Becker, 793 F.2d 185, 188 n.3 (8th Cir. 1986)(Fourteenth amendment due process clause is not implicated by state official's negligent act causing unintended loss of or injury to life, liberty, or property).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**, without prejudice, pursuant to 28 U.S.C. § 1915(g).

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 4th day of March, 2009.

                                              /s/ Jean C. Hamilton
                                              UNITED STATES DISTRICT JUDGE